IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Frank Lesinski,                      :

      Plaintiff,               :

  v.                                 :    Case No. 2:03-cv-0932

City of Steubenville, Ohio,     :    JUDGE HOLSCHUH
et al.,
                              :

      Defendants.

<u>ORDER</u>

    This case is before the Court to consider plaintiff's motion
for leave to amend his complaint.  Responsive and reply memoranda
have been filed.  For the following reasons, the motion will be
granted.

    The issue relating to the proposed amended complaint can be
dealt with summarily.  As clarified by his reply memorandum,
plaintiff wishes to add, or to plead more specifically, causes of
action under §1983 for unlawful seizure pursuant to the Fourth
Amendment and malicious prosecution or prosecution without
probable cause.  Defendant asserts that the latter cause of
action is not independently recognized when it arises out of the
same claims giving rise to a Fourth Amendment unlawful seizure
claim.  Defendant is simply wrong.

    For a brief period of time, the Sixth Circuit had concluded
that no independent cause of action under §1983 was available for
a claim of malicious prosecution.  See <u>Frantz v. Village of
Bedford</u>, 245 F.3d 849 (6th Cir. 2001).  However, the <u>Frantz</u>
decision was in conflict with an earlier decision in <u>Spurlock v.
Satterfield</u>, 167 F.3d 995 (6th Cir. 1999), and, as explained in
<u>Darrah v. City of Oak Park</u>, 255 F.3d 301 (6th Cir. 2001), the
Court was required to follow its earlier precedent.  That

interpretation of the history of the Sixth Circuit's opinions on
this issue is confirmed by one of the two cases defendant cites
in support of its position, Thacker v. City of Columbus, 328 F.3d
244 (6th Cir. 2003).  Because Thacker specifically recognized
that a cause of action for malicious prosecution or prosecution
without probable cause can be pleaded under §1983, the Court is
somewhat puzzled by defendant's citation of that case as
authority for exactly the contrary proposition.

The other case cited by defendant is Harless v. City of
Columbus, 183 F.Supp. 2d 1024 (S.D. Ohio 2002) (Marbley, J.).
However, Harless relied on Frantz.  In a subsequent decision,
Judge Marbley recognized that Frantz was no longer good law and
that the result reached in Harless was incorrect.  Collins v.
Guinther, 238 F.Supp. 2d 958 (S.D. Ohio 2002).  The failure of
defendant to cite this subsequent opinion by the same Judge who
authored Harless is equally puzzling.

Most recently, the District Judge assigned to this case,
Judge Holschuh, has recognized that an independent cause of
action for malicious prosecution can be pleaded under §1983.
Simms v. Athens County Sheriff's Office, 2005 WL 2233232 (S.D.
Ohio Sept. 14, 2005).  Clearly, that is the law.  Consequently,
there is no basis for defendant's opposition to the motion for
leave to amend.

Based upon the foregoing, plaintiff's motion for leave to
amend (file doc. #37) is granted.  An amended complaint shall be
filed within 15 days of the date of this order.

Any party may, within ten (10) days after this Order is
filed, file and serve on the opposing party a motion for
reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),
Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.
I., F., 5.  The motion must specifically designate the order or
part in question and the basis for any objection.  Responses to

objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge